FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2011 JUN 14 PM 2:59
CLERK R Ouf
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

PATRICK D. BRANTLEY,

    Petitioner,

vs.           CIVIL ACTION NO.: CV210-142

ANTHONY HAYES, Warden,
and ERIC HOLDER, JR.,
Attorney General,

    Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Patrick Brantley ("Brantley"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Response, and Brantley has filed a Traverse. For the following reasons, Brantley's petition should be **DISMISSED**.

## STATEMENT OF THE FACTS

Brantley was indicted for and, after a jury trial, convicted in the Southern District of Florida of: conspiracy to possess cocaine with intent to distribute, in violation of 21 U.S.C. § 846; and using or carrying three (3) firearms during the commission of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Brantley was sentenced to 188 months' imprisonment on the conspiracy count and to 360 months' imprisonment on the firearms count, to be served consecutively. (Doc. No. 11, pp. 2-4). Brantley filed a

direct appeal and asserted, in relevant part, that his 30 year sentence for the firearm possession was improper because he carried a semi-automatic weapon, not the machine gun. The Eleventh Circuit Court of Appeals affirmed Brantley's convictions and sentences. United States v. Brantley, 68 F.3d 1283 (11th Cir. 1995).

Brantley filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Brantley asserted that he received ineffective assistance of counsel, his § 924(c) sentence was improper based on Bailey v. United States, 516 U.S. 137 (1995), and that his sentence should be reduced based on an amendment to the United States Sentencing Guidelines. The Southern District of Florida denied Brantley's motion (Doc. Nos. 11-10, 11-11), and the Eleventh Circuit dismissed his appeal for want of prosecution. (Doc. No. 11-12). Brantley filed another section 2255 motion and raised the same claims as he did in his first § 2255 motion. The Southern District of Florida dismissed this motion as a successive § 2255 motion which was filed without authorization from the Eleventh Circuit. (Case No. 91-cr-598, Doc. No. 404, M.D. Fla.).

In this petition, Brantley contends that his section 924(c) conviction and sentence for using and carrying a machine gun are unconstitutional under Castillo v. United States, 530 U.S. 120 (2000), and United States v. O'Brien, ___ U.S. ___, 130 S. Ct. 2169 (2010), as the jury instructions and verdict form allowed the jury to return a verdict of guilty for possession of a firearm only, not a machine gun. Respondent asserts that Brantley does not meet the requirements of 28 U.S.C. § 2255's savings clause, and, accordingly, his petition should be dismissed.

AO 72A
(Rev. 8/82)

2

## DISCUSSION AND CITATION TO AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 F. App'x 901, 904 (11th Cir. 2006).

Brantley has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Brantley asserts that a § 2255 motion is inadequate or ineffective to challenge the legality of his detention because Castillo and O'Brien establish that he was convicted of a nonexistent offense, and his claims were foreclosed on previous occasions. (Doc. No. 1, p. 4).

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil,

3

119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

The United States Supreme Court determined in Castillo that the type of gun used under the previous version of § 924(c) constitutes an element of a separate offense, and, as such, the jury must determine a defendant's guilt of this offense. 530 U.S. at 121. In O'Brien, the Supreme Court found that the current version of section 924(c)(1)(B)(ii) and the use of a machine gun as the "firearm" is an offense element

which the jury should determine beyond a reasonable doubt. ___ U.S. at ___, 130 S. Ct. at 2180.

Even if Brantley was foreclosed on previous occasions from making the same allegations as he does in the instant petition, Brantley fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision or that he was convicted of a non-existent offense. Brantley's reliance on Castillo is misplaced, as this decision is not retroactively applicable to cases on collateral review in this Circuit, nor does it render Brantley convicted of a nonexistent offense. Rivers v. McKelvy, 236 F. App'x 508, 511 (11th Cir. 2007) (noting that the Eleventh Circuit has not addressed whether Castillo is retroactively applicable to cases on collateral review, but the petitioner could not show he was convicted of a non-existent offense).[1] Additionally, Brantley has not shown that O'Brien is retroactively applicable to cases on collateral review. Tyler v. Cain, 533 U.S. 656, 662 (2001) (finding that a newly recognized right is "made" retroactively applicable to cases on collateral review only if the Supreme Court has so held).[2] Thus, Brantley has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244; see also Dean v. McFadden, 133 F. App'x 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied). Because Brantley has not satisfied the requirements of § 2255's savings clause, he cannot "open the portal" to

---

[1] As an aside, the petitioner in Rivers was "Kenneth Rivers", who was Brantley's co-defendant during his criminal prosecution. The Eleventh Circuit noted in Rivers that it "indicated that Castillo was not retroactively applicable[ ]" to cases on collateral review at the time the Court denied Rivers' motion for leave to file a second or successive § 2255 motion. 236 F. App'x at 511, n.6.

[2] Moreover, O'Brien concerns the current version of section 924(c), not the previous version under which Brantley was convicted.

argue the merits of his claim. See Wofford, 177 F.3d at 1244 & n.3; see also Dean, 133 F. App'x at 642.

Brantley also contends that § 2255(h)(1) fails to provide an adequate remedy to challenge the legality of his detention. However, as the Eleventh Circuit recently noted, "[t]he existence of the statutory bar[3] on second and successive motions cannot mean that § 2255 is 'inadequate or ineffective' to test the legality of [a petitioner's] detention within the meaning of the savings clause." Gilbert v. United States, No. 09-12513, ___ F.3d ___, 2011 WL 1885674, at *13 (11th Cir. May 19, 2011).

Brantley cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Brantley is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

---

[3] "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). An Eleventh Circuit panel has not authorized Brantley to file a successive § 2255 motion.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Brantley's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 14th day of June, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE